IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUEBEN ALBERT REYNOSA,
JOHN QUINTERO,

       Plaintiffs,                    No. CIV S-06-1005 MCE GGH P

   vs.

UNITED STATES,

       Defendant.                 FINDINGS & RECOMMENDATIONS

_____/

       Plaintiffs are federal prisoners. At the time they filed this action, both plaintiffs were confined at the Federal Correctional Institution in Herlong, California.

       On May 8, 2006, plaintiffs filed an action pursuant to the All Writs Act. On June 27, 2006, the court issued an order stating that it appeared that plaintiffs were challenging the legality of their federal convictions. The court advised plaintiffs that claims challenging the legality of their convictions should be raised in motions pursuant to 28 U.S.C. § 2255 rather than pursuant to the All Writs Act.

/////

/////

/////

1   In the June 27, 2006, order the court also advised plaintiffs that if they were
2   challenging the conditions of their confinement, they should file an amended complaint pursuant
3   to <u>Bivens v. Six Unknown Named Agents</u>, 402 U.S. 388, 91 S.Ct. 1999 (1971).  The court
4   dismissed plaintiff's complaint with thirty days to file either a <u>Bivens</u> action or else a request to
5   voluntarily dismiss this action so that they may file § 2255 motions in their criminal cases.
6   On July 10, 2006, plaintiff Quintero filed an amended writ.  On July 18, 2006,
7   plaintiff Quintero filed a second amended writ.  On September 1, 2006, the court ordered these
8   documents disregarded because they were not signed by both plaintiffs.  The court granted
9   plaintiffs thirty days to comply with the June 27, 2006, order.
10  On September 25, 2006, the plaintiffs filed an "amended writ of mandamus."
11  This action is again brought pursuant to the All Writs Act.  In this pleading, plaintiffs again
12  appear to challenge the legality of their convictions.  As discussed above, a challenge by
13  plaintiffs to the legality of their convictions is not properly brought in an action brought pursuant
14  to the All Writs Act.  Moreover, to the extent plaintiffs seek money damages for their allegedly
15  invalid convictions, such an action is barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114
16  S. Ct. 2364 (1994)(action for damages concerning a criminal conviction or sentence cannot exist
17  unless the conviction or sentence has been invalidated, expunged or reversed); <u>Martin v. Sias</u>, 88
18  F.3d 774, 775 (9th Cir. 1996)(applying <u>Heck</u> to <u>Bivens</u> actions).
19  For the reasons discussed above, the court recommends that this action be
20  dismissed.
21  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
22  These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24  days after being served with these findings and recommendations, plaintiff may file written
25  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
26  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/7/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
rey1005.56